IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIRGINIA N. GUERRERO, an individual and JEREMY SCHAIBLE, her husband<br><br>Plaintiffs,<br><br>vs.<br><br>SLIPPERY ROCK UNIVERSITY OF PENNSYLVANIA and AUGUSTIN MARTINEZ-SAMOS, an individual and MITCHELL BERENDS, an individual.<br><br>Defendants. | CA No. 05-0154<br><br>JURY TRIAL DEMANDED |

## MEMORANDUM OPINION

Plaintiff Virginia N. Guerrero, a student, and her husband, Jeremy Schaible sued Defendants alleging sexual harassment and retaliation in violation of Title IX of the Educational Amendments of 1972, 86 Stat. 373, as amended, 20 U.S.C. 1681 et. seq. and common law. Plaintiffs seek monetary relief in the form of compensatory and punitive damages. Defendants Slippery Rock University and Augustin Martinez-Samos have moved for summary judgment (doc. no. 56) under Fed.R.Civ.P. 56(c) arguing that Plaintiffs cannot create a material issue of fact on their claims of Title IX sexual harassment, retaliation, assault and battery, intentional and negligent infliction of emotional distress, conspiracy and loss of consortium. For the reasons that follow, the motion will be denied.

Summary judgment under Fed.R.Civ.P. 56(c) is appropriate if "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Woodside v. School Dist. Of Philadelphia Bd. of Educ.*, 248 F.3d 129, 130 (3d Cir. 2001), *quoting Foehl v. United States*, 238 F.3d 474, 477 (3d Cir. 2001)(citations omitted). In deciding a summary judgment motion, the court must "view the evidence ... through the prism of the substantive evidentiary burden" to determine "whether a jury could reasonably find either that the plaintiff proved his case by the quality and quantity of the evidence required by the governing law or that he did not." *Anderson v. Consolidated Rail Corp.*, 297 F.3d 242, 247 (3d Cir. 2002), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' – that is, pointing out to the District Court – that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party has carried this burden, the burden shifts to the non-moving party who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224, 1230 (3d cir. 1993). Thus, the non-moving party cannot rest on the pleadings, but instead must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial," Fed. R.Civ.P. 56(e), and cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (*citing Celotex*, 477 U.S. at 325 (1986)). The non-moving party must respond "by pointing to sufficient cognizable evidence

2

to create material issues of fact concerning every element as to which the non-moving party will bear the burden of proof at trial." *Simpson v. Kay Jewelers, Div. Of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998), *quoting Fuentes v. Perskie*, 32 F.3d 759, 762 n.1 (3d cir. 1994).

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)." *Marino v. Industrial Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004.) *See also Doe v. County of Centre, PA*, 242 F.3d 437, 446 (3d Cir. 2001) (court must view facts in the light most favorable, draw all reasonable inferences, and resolve all doubts, in favor of the nonmoving party).

It is on this standard that the Court has reviewed Defendants' motion (doc. no. 56) and Plaintiffs' response (doc. no. 64) thereto. Based upon the pleadings and evidence of record and the briefs filed in support of and in opposition to the motion, the Court concludes, as a matter of law, that there remains a genuine dispute over material facts with respect to each of Plaintiffs' claims which precludes summary judgment in this matter.

With regard to Plaintiff Guerrero's Title IX sexual harassment claim against Slippery Rock University, material facts are in dispute relating to her communications with Holly McCoy, Director of the Office of Diversity and Equal Opportunity. These facts include, but are not limited to, whether Plaintiff Guerrero indicated that she was undecided as to how she wanted to proceed with regard to her allegations against Defendant Samos, when and if Plaintiff Guerrero communicated a desire for someone to speak with Defendant Samos regarding his alleged behavior toward her and when Plaintiff Guerrero asked to be removed from Defendant

Samos' class.

With regard to Plaintiff Guerrero's Title IX retaliation claim, material facts are in dispute relating to whether Plaintiff suffered an adverse action and whether a causal connection exists between Plaintiff's complaint against Defendant Samos and the alleged adverse action.[1]

Defendants argue that Plaintiffs' tort claims should be dismissed because Defendant Samos is entitled to sovereign immunity pursuant to Pennsylvania's tort claims act, 42 Pa.C.S.A. §2310. Material issues of fact exist, however, as to whether Defendant Samos' alleged acts were within the scope of his employment, as is necessary to enjoy immunity under the Act. 42 Pa.C.S.A. §8501.

Additionally, Defendants argue that Plaintiffs' tort claims should be dismissed because Plaintiffs cannot establish the elements of each claim. To the contrary, material issues of fact exist as to each of these claims. With respect to Plaintiff Guerrero's claims of intentional and negligent infliction of emotional distress, material issues of fact exist as to whether Defendant Samos' alleged acts were sufficiently "outrageous or extreme" in nature as well as to whether Plaintiff Guerrero has suffered physical harm resulting from said acts. Material issues of fact also exist as to Plaintiff Guerrero's assault and battery claims. Specifically, there are disputed facts relating to Defendant Samos' intent. With regard to Plaintiffs' conspiracy claim, material issues of fact exist as to whether Defendants Samos and Berends acted with a common purpose. Finally, with regard to the loss of consortium claim, material issues of fact exist as to whether Plaintiff Guerrero's relationship with her husband was diminished as a result of

---

[1] Because Defendants' motion as to Plaintiffs' federal claims is denied, this Court does not reach Defendants' request that this Court decline to exercise supplemental jurisdiction over Plaintiffs' pendent state law claims.

Defendants' alleged conduct.

Accordingly, this **19th** day of April, 2007, upon consideration of Defendants Slippery Rock University's and Augustin Martinez-Samos' Motion For Summary Judgment (doc. no. 56 ), IT IS HEREBY ORDERED that the motion is **DENIED**. An appropriate order follows.

                                               /s/ Nora Barry Fischer
                                               Nora Barry Fischer
                                               United States District Judge

cc:     All counsel of record